State of N.Y. ex rel. S.F. v Hershberger (2024 NY Slip Op 51772(U))

[*1]

State of N.Y. ex rel. S.F. v Hershberger

2024 NY Slip Op 51772(U)

Decided on December 20, 2024

Supreme Court, Kings County

Ward, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through January 03, 2025; it will not be published in the printed Offical Reports.

Decided on December 20, 2024
Supreme Court, Kings County

The State of New York, on relation of 
 S.F., Petitioner,

against
Jason Hershberger, M.D., Director Of Inpatient Psychiatry, 
 Dept. Of Psychiatry, Brookdale University Hospital and Medical Center 
 and New York City Police Department, Respondents.

Index No. 575/24

Counsel for Petitioner
Mental Hygiene Legal Services
Robert E. Pope, Esq.
One Metrotech Center North, 3rd Floor
Brooklyn, NY 11201
(347) 404-9929
Counsel for Brookdale University Hospital and Medical Center
Abrams Fensterman, LLP
Douglas K. Stern, Esq.
dstern@abramslaw.com

Kerry J. Ward, J.

The following papers read herein:                                
Documents Numbered
Notice of Motion/Order to Show Cause/
Petition/Cross Motion and Affidavits (Affirmations)                                                          1
Upon the foregoing papers and after oral argument in this proceeding for a writ of habeas corpus, pursuant to CPLR Article 70, petitioner, a patient who was involuntarily admitted to [*2]Brookdale University Hospital and Medical Center (Brookdale) to receive services for a mental disability on July 14, 2024, seeks an order directing her immediate unshackling and that any future imposition of restraints while she remains a patient at Brookdale be effectuated only in accordance with Mental Hygiene Law (MHL) § 33.04 and 14 NYCRR 526.4 (petition at ¶¶ 2 and 18).[FN1]

On July 16, 2024, two days after petitioner was admitted to Brookdale for psychiatric evaluation, she commenced this habeas corpus proceeding by filing a petition verified by counsel seeking her "immediate unshackling" and an order directing that any future imposition of restraints while she is a patient at Brookdale must be in accordance with the law. The petition alleges that "(name redacted) is now detained at Brookdale . . . where she has been shackled in leg restraints as well as handcuffed to a gurney in a wrist restraint continuously since July 14, 2024"[FN2]
(petition at ¶ 2). The petition specifically alleges that:
"[t]he objective of this petition for a writ of habeas corpus is an order directing the removal of leg and wrist restraints from (name redacted), and that any future use of restraints on (name redacted) so long as she remains admitted to Brookdale . . . be administered only in accordance with the mandates of Mental Hygiene Law . . . § 33.04 and 14 NYCRR 526.4" (id. at ¶ 2).
The petition alleges that petitioner was arrested, after which she was brought to Brookdale on July 14, 2024, by Emergency Medical Services (EMS) and the New York City Police Department (NYPD) "for evaluation of her need for psychiatric care and treatment" as an involuntary patient, pursuant to MHL § 9.40 (id. at ¶¶ 4, 5 and 7). The petition alleges that "[d]espite her admission for psychiatric care and treatment, her wrist and leg shackles were not removed" (id. at ¶ 5). NYPD officers allegedly "remained with (name redacted) upon arrival at the hospital and (name redacted) remained under leg and wrist restraints (shackles), which were attached to her hospital bed" (id. at ¶ 4). The petition alleges that "[s]ince her admission to Brookdale . . . (name redacted) has been on a locked psychiatric unit" and thus "[e]ven without the additional restraint imposed by the shackling, she would not be free to leave" (id. at ¶ 7). The petition also alleges that an NYPD officer is stationed near petitioner at all times (id. at ¶ 8).
The petition alleges that "[n]o doctor has made a clinical determination that ongoing restraints are currently necessary to prevent (name redacted) from injuring h[er]self or others, or that no less restrictive techniques would be clinically appropriate in [t]his case" and "[n]o written order by any physician has been generated to authorize the ongoing use of shackles on (name redacted)" (id. at ¶ 9). The petition alleges that the continued shackling of petitioner while she is a patient at Brookdale is illegal since it violates MHL § 33.04, 14 NYCRR § 526.4 and her due process rights (id. at ¶¶ 17 and 19).
Notably, none of the respondents have filed papers in opposition to the petition. A hearing was held before this Court on July 17, 2024.
 Discussion
"[A]rticle 70 of the CPLR governs special proceedings for a writ of habeas corpus, the historic common-law writ that protects individuals from unlawful restraint or imprisonment and provides a means for those illegally detained to obtain release" (People ex rel. DeLia v Munsey, 26 NY3d 124, 127-128 [2015]). CPLR 7002 (a) provides that "[a] person illegally imprisoned or otherwise restrained in his liberty within the state . . . may petition without notice for a writ of habeas corpus to inquire into the cause of such detention and for deliverance." CPLR 7010 (a) provides that "[i]f the person is illegally detained a final judgment shall be directed discharging him forthwith." 
MHL § 33.04, regarding the restraint of a patient, provides that:
"Restraint shall be employed only when necessary to prevent a patient from seriously injuring himself or others. It may be applied only if less restrictive techniques have been clinically determined to be inappropriate or insufficient to avoid such injury" (emphasis added).
"MHL § 33.04 and the NY Code Rules and Regulations at 14 NYCRR 526.4 govern when a patient is permitted to be physically restrained at certain facilities" (B.L. v Agarkar, 82 Misc 3d 846, 850 [Sup Ct, NY County 2024). MHL § 33.04 (a) defines "restraint" as "the use of an apparatus on a patient which prevents the free movement of both arms or both legs or which totally immobilizes such patient, and which the patient is unable to remove easily" (SLS Residential, Inc. v New York State Office of Mental Health, 67 AD3d 813, 815 [2d Dept 2009]). These provisions mandate that such bodily restraint shall be authorized by a physician's written order and are a last resort when such intervention is necessary to prevent an "imminent, serious injury to the patient or others" and shall be discontinued when no longer necessary to prevent the emergency (see 14 NYCRR § 526.4 [b] [1] [i]). 14 NYCRR § 526 (b) (2) provides that "[r]estraint or seclusion for any purpose shall never be utilized as punishment, for the convenience of staff, to substitute for inadequate staffing, or as a substitute for treatment programs."
While the Court is mindful that petitioner is facing arraignment on criminal charges and is in the custody of the NYPD, she is also a patient in a secure psychiatric unit. The unit is staffed by psychiatrists and medical personnel with specialized training in handling psychiatric patients, and there are well-established procedures for handling patients who are aggressive or violent. Additionally, prolonged restraint may cause further deterioration of the patient's mental health.
While situations such as this are rare, protocols should be developed and implemented to coordinate interactions between the police and the hospital as to appropriate procedures when supervising in-custody, involuntarily committed psychiatric patients, to ensure the safety of all.
Here, in the absence of any order by a treating physician that restraints are necessary to prevent petitioner from seriously injuring herself or others while she is an involuntary psychiatric patient in a locked psychiatric unit at Brookdale, the petition shall be granted and such illegal restraints shall be removed and prohibited, as the doctors and staff on this psychiatric unit are trained to handle potentially aggressive patients and do so on a routine basis. Petitioner remains in police custody pending arraignment and is to be treated as necessary for psychiatric and medical issues by Brookdale University Hospital. Accordingly, it is hereby
ORDERED that respondents shall immediately remove the leg and wrist restraints from [*3]petitioner and that any future imposition of restraints while petitioner remains a patient at Brookdale shall be effectuated only in accordance with MHL § 33.04 and 14 NYCRR § 526.4.
This constitutes the decision, order and judgment of the court. 
E N T E R,
Hon. Kerry J. Ward, A.J.S.C.

Footnotes

Footnote 1:By short form order dated July 17, 2024, this court granted the petition advising that this long form order would follow.

Footnote 2:The only alleged exception being when petitioner needs to use the bathroom or eat meals, at which time her wrist restraints are removed from the bed (id. at ¶ 6).